UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   THE VAUGHAN COMPANY, REALTORS,   Case No. 11-10-10759 JA

Debtor.

JUDITH A. WAGNER, Chapter 11 Trustee
of the bankruptcy estate of the Vaughan Company,
Realtors,

Plaintiff,

v.   Adversary No. 13-1030 J

MICHAEL DRESKIN, CAROL WILLIAMS, and
ELITE REAL ESTATE, LLC d/b/a REMAX ELITE,

Defendants.

## MEMORANDUM OPINION REGARDING
## MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT 1

THIS MATTER is before the Court on Defendants Michael Dreskin and Carol Williams' Motion to Dismiss Count 1 of the Complaint for Failure to State a Claim ("*Motion*"). *See* Docket No. 124. Plaintiff Judith A. Wagner, Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company, Realtors ("Trustee") has asserted various claims in this Adversary Proceeding arising from Defendants' alleged improper relocation of certain real estate brokers who worked at The Vaughan Company, Realtors ("VCR") with a new real estate brokerage firm after the filing of VCR's bankruptcy case, and the subsequent re-listing of VCR's existing real estate listings with the new firm. Defendants Michael Dreskin and Carol Williams (referred to herein as "Dreskin and Williams") assert that Trustee cannot rely on the Bankruptcy Code's turnover statute found in 11 U.S.C. § 542[1] to recover information relating to commissions that

---

[1] Unless otherwise noted, all statutory references in this decision will be to the Bankruptcy Code, codified in Title 11 of the United States Code.

were paid to the new firm for closed sales of properties that were at one time listed with VCR. Trustee opposes the Motion. *See* Docket No. 147. Dreskin and Williams filed a reply.[2] *See* Docket No. 151.

After considering the parties' arguments in light of the applicable statutes and case law, the Court concludes that Trustee is not entitled to the relief requested in Count 1 of the First Amended Complaint. The Court will, therefore, grant the Motion and enter judgment in favor of Dreskin and Williams on Count 1.

    A.    <u>The procedural history of the Motion and the applicable standard for evaluating the Motion</u>

Dreskin and Williams filed the Motion under Rule 12(b)(6) on April 10, 2015, after having filed an answer to the original Complaint. *See* Docket Nos. 10 and 124. After an answer is filed, it is technically too late for a defendant to file a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), made applicable to adversary proceedings by Fed.R.Bankr.P. 7012.[3] *See* Fed.R.Civ.P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").[4] Rather, once an answer has been filed, a party seeking to assert the defense of the failure to state a claim upon which relief can be granted should file a motion for judgment on the pleadings under Rule 12(c). *See* Fed.R.Civ.P. 12(c)("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."); Fed.R.Civ.P. 12(h)(2)(B) (providing that a party may raise as a

---

[2] In their reply, Dreskin and Williams asked the Court to strike Trustee's response as untimely. The Court declines to strike Trustee's response. Having filed the First Amended Complaint, which superseded the Complaint, Trustee may have believed she no longer needed to respond to the Motion.

[3] References in this decision to a Rule numbered with two digits are to the Federal Rules of Civil Procedure. References to a Rule numbered with four digits are to the Federal Rules of Bankruptcy Procedure.

[4] *See also, Barragan v. Rosales (In re Rosales),* 2013 WL 1397449, *2 (Bankr.D.Colo. Apr. 5, 2013)("Pursuant to the plain language of Federal Rule of Civil Procedure 12(b), it is beyond dispute that a motion to dismiss brought pursuant to Rule 12(b)(6) is untimely when presented after the filing of an answer.")(citation and additional quotation marks omitted).

defense the failure to state a claim upon which relief can be granted by a motion under Rule 12(c)).

Adding to the procedural irregularities in this adversary proceeding, Trustee filed a First Amended Complaint after Dreskin and Williams filed the Motion. Dreskin and Williams filed an answer to the First Amended Complaint. *See* Docket No. 142. Trustee's filing of the First Amended Complaint superseded the Complaint, though Count 1 of the First Amended Complaint is identical to Count 1 of the Complaint.[5] *See Davis v. TXO Production Corp.,* 929 F.2d 1515, 1517 (10th Cir. 1991)("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect")(additional quotation marks and citations omitted).

Instead of requiring Dreskin and Williams to file a new motion for judgment on the pleadings based on the First Amended Complaint, the parties consented on the record at a status conference held June 17, 2015 for the Court to treat the Motion as a motion for judgment on the pleadings under Rule 12(c) as to Count I of the First Amended Complaint.[6] The Court will treat the Motion as such.

The Court reviews a motion for judgment on the pleadings under Rule 12(c) under the same standard used to consider a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 n.2 (10th Cir. 2002)("We use the same standard when evaluating 12(b)(6) and 12(c) motions.")(citation omitted). *See also, Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir. 2000) ("A

---

[5]*Compare* Complaint – Docket No. 1 *with* First Amended Complaint – Docket No. 140.
[6]The Court may elect to treat an untimely motion to dismiss under Fed.R.Civ.P. 12(b)(6) as a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). *See Jacobsen,* 287 F.3d at 941 n. 2 ("Normally a motion to dismiss for failure to state a claim upon which relief can be granted should be made prior to filing the answer or in the answer itself. Fed.R.Civ.P. 12(b)(6). If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings.")(citations omitted).

-3-

motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).")(citation omitted).

The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994)(citation omitted). The Court accepts the well-pleaded facts in the complaint as true and evaluates those alleged facts in the light most favorable to the plaintiff. *Rosenfield v. HSBC Bank, USA,* 681 F.3d 1172, 1178 (10th Cir. 2012). To survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the complaint must contain enough facts to make the claim "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citing *Twombly,* 550 U.S. at 556). The Court's function in deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is "'not to weigh potential evidence that the parties might present a trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'" *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009)(quoting *Sutton v. Utah State Sch. for Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999)).

     B.    <u>First Amended Complaint</u>

The First Amended Complaint contains one-hundred and twenty numbered paragraphs. Trustee asserts the following causes of action against one or more of the Defendants: accounting; breach of fiduciary duty; aiding and abetting breach of fiduciary duty; civil conspiracy to breach fiduciary duty; tortious interference with contracts; negligence; unjust

enrichment; disallowance or subordination of claims against the bankruptcy estate; breach of contract; and libel. *See* First Amended Complaint, Counts 1 – 10.

Paragraphs 10 through 45 consist of allegations common to all counts. Paragraph 40, which includes the definition of Commissions, avers:

> Upon information and belief, certain of the Debtor's listings (the "Debtors Listings") were transferred to ReMax[7] and relisted. Upon information and belief, the Debtor's Listings eventually resulted in closed sales while listed with Remax and ReMax was paid a portion of the commissions on those sales (collectively, the "Commissions").[8]

Count I of the First Amended Complaint states, in its entirety:

COUNT I
ACCOUNTING (ALL DEFENDANTS)
11 U.S.C. § 542

> 46. The Trustee re-alleges and incorporates by reference the foregoing allegations as if fully set forth herein.
>
> 47. The Commissions constitute property of the estate to be recovered and administered by the Trustee pursuant to § 541 of the Bankruptcy Code.
>
> 48. As a result of the foregoing, pursuant to § 542 of the Bankruptcy Code, the Trustee is entitled to a full and complete accounting of any and all information relating to the Commissions, including any and all listing agreements and closing statements for such listings.

First Amended Complaint, ¶¶ 46, 47 and 48.

DISCUSSION

In Count 1 of the First Amended Complaint, Trustee alleges that the Commissions are property of the estate, and seeks an accounting of all information relating to the Commissions, including the listing agreements and any closing statements relating to those listings. Trustee's prayer for relief as to Count 1 asks for judgment granting Trustee "immediate payment and

---

[7] Remax is Defendant Elite Real Estate LLC d/b/a Remax Elite. *See* First Amended Complaint, ¶ 1.
[8] The term "Commissions" as used in this opinion is defined as set forth in paragraph 40 of the First Amended Complaint.

-5-

turnover from Dreskin, Williams or Remax of any and all of the Commissions paid, directly, or indirectly, to Dreskin Williams or Remax and attorneys' fees." *See* First Amended Complaint, p. 18, ¶ A. Count 1 does not specify the subsection of § 542 upon which Trustee's claim is based.

    a.    <u>Section 542(a)</u>

Trustee's claim for turnover and an accounting fails insofar as it is based on § 542(a). Section 542(a) provides, in relevant part:

> . . . an entity, other than a custodian, in possession, custody or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate
>
> 11 U.S.C. § 542(a).

Although a trustee may assert a claim for turnover of property and an accounting under § 542(a),[9] such relief is limited to turnover and an accounting "of property the trustee may use, sell, or lease under section 363." 11 U.S.C. § 542(a).[10] Section 363 authorizes Trustee "to use, sell or lease . . . *property of the estate*" or property in which the estate is a co-owner under described circumstances. *See* 11 U.S.C. § 363(b)(1), (c)(1), and (h)(emphasis added). Apparently to invoke § 542(a) Trustee alleges in Count 1 that the "Commissions constitute property of the estate to be recovered and administered by the Trustee." First Amended Complaint, ¶ 47. However, for reasons described below, it is clear from the First Amended Complaint that the Commissions are *not* property of VCR's bankruptcy estate and never will be.

---

[9]The statutory cause of action under 11 U.S.C. § 542(a) includes a claim for an accounting. *Braunstein v. McCabe,* 571 F.3d 108, 122 (1st Cir. 2009).

[10]Section 542(a) also provides for turnover and an accounting of property a debtor may exempt under § 522. That relief is not available to Trustee because the debtor in this case is a corporation. Only an individual debtor, not a corporation, may exempt property under § 522. *See* § 522(b)(1)(providing that "an individual debtor may exempt from property of the estate . . .").

-6-

Trustee therefore is not entitled to any relief under § 542(a), and Count 1 does not state a plausible claim.

Trustee alleges that Dreskin and Williams improperly transferred VCR's listings by re-listing them with Remax, that sales were closed while the properties were so re-listed, and that ReMax was paid a portion of the commissions on those sales. These allegations regarding the Commissions, if true, establish that the Commissions are not presently property of the estate, notwithstanding Trustee's conclusory allegation that the Commissions are property of the estate to be recovered. Upon the re-listing of the listing agreements with Remax, the re-listing agreements became Remax's property. Commissions payable to Remax under the re-listing agreements would also be Remax's property. This is so regardless of whether the listing agreements were wrongfully re-listed or whether Trustee is ultimately entitled to a money judgment under which the damages award includes the amount of the Commissions paid to Remax.

Property such as commissions to be recovered for the estate becomes property of the estate only if and when recovered.[11] Even so, the Trustee did not include a separate claim to recover the Commissions for the estate as a voidable post-petition transfer under § 549 or otherwise. Even if Trustee were to prevail in this adversary proceeding the Commissions themselves will never become property of VCR's bankruptcy estate, and Trustee cannot obtain relief under §542(a). A damages award in the amount of the Commissions does not make the

---

[11]Property a trustee seeks to recover for the estate as a fraudulent or preferential transfer does not become property of the estate until the transfer is avoided. *See Rajala v. Gardner*, 709 F.3d 1031, 1039 (10th Cir. 2013)("fraudulently transferred property is not part of the bankruptcy estate until recovered."). Likewise, improper post-petition transfers do not become property of the bankruptcy estate until they are recovered; certain post-petition transfers are voidable, not void. *United States v. Hale*, 762 F.3d 1214, 1223 (10th Cir. 2014) (post-petition transfers are not void, but voidable). If the transferred asset itself cannot be recovered or its recovery would not make the estate whole, the Court may issue a damages award in the amount of the value of the property in lieu of the estate recovering the transferred property. *See* 11 U.S.C. § 550(a).

Commissions themselves property of the estate. The Trustee's claim under § 542(a) is not facially plausible.[12]

      b.      <u>Section 542(e)</u>

In response to Dreskin and Williams' Motion, Trustee clarified that her claim for an accounting in Count 1 is based on subsection (e) of § 542, not subsection (a). *See* Response, pp. 3 – 11 (Docket No. 147). Relief under § 542(e) is separate and in addition to the relief available under 11 U.S.C. § 542(a).[13] Subsection (e) of § 542 provides:

> Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

11 U.S.C. § 542(e).

Trustee cannot obtain an accounting under § 542(e) because that subsection applies only to existing information, not to information that has yet to be created.

The plain language of § 542(e) limits turnover or disclosure to existing recorded information and does not require the creation of new information, such as compiling an accounting. A "record" is "[a] documentary account of past events" consisting of documented

---

[12] Dreskin and Williams argue that Trustee is not entitled to relief under § 542(a) because Trustee's entitlement to the Commissions is in dispute. There is support for this position. *See Las Vegas Casino Lines, LLC v. Abbott (In re Las Vegas Casino Lines, LLC),* 454 B.R. 223, 227 (Bankr.M.D.Fla. 2011) ("Turnover pursuant to 11 U.S.C. § 542 is an appropriate cause of action only where title to the tangible property or money due is not in dispute.")(citing *Charter Crude Oil Co. v. Exxon Co., U.S.A. (In re Charter Co.),* 913 F.3d 1575, 1579 (11th Cir. 1990)). While the Court agrees that the § 542(a) turnover remedy is not available when there is a bona fide dispute whether the asset is property of the estate, the Court believes a complaint may state a claim for turnover where the turnover claim is contingent on the Court determining under another count in the complaint that the asset is property of the estate. Here, however, the Commissions will not be property of the estate even if Trustee prevails in the litigation.

[13] *See In re Foster,* 188 F.3d 1259, 1265 (10th Cir. 1999)(explaining that "[t]he Bankruptcy Code creates a two-part scheme for turnover of property of the estate or other information related to the debtor's property or financial affairs . . . . Section 542(a) requires anyone holding property of the estate to deliver it to the trustee. . . . Section 542(e), meanwhile, authorizes a court 'subject to any applicable privilege, . . . [to] order an attorney, accountant, or other person that holds recorded information . . . relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.'")(quoting 11 U.S.C. § 542(e))(internal citations and quotation marks omitted)).

information regardless of its physical form. Black's Law Dictionary 1279 (7th ed. 1999). The phrase "recorded information" denotes documented information already in existence because "recorded" as used in § 542(a) is a past tense verb.[14] The statutory phrase "person that holds recorded information" thus means existing recorded information held by the person, not information like an accounting to be created anew from other information.

This construction of § 542(e), based on its plain meaning, is consistent with the statute's legislative history:

> Subsection (e) requires an attorney, accountant, or other professional that holds recorded information relating to the debtor's property or financial affairs, to surrender it to the trustee. This duty is subject to any applicable claim of privilege, such as attorney-client privilege. It is a new provision that deprives accountants and attorneys of the leverage that they have today, under state law lien provisions, to receive payment in full ahead of other creditors when the information they hold is necessary to the administration of the estate.
>
> S. Rep. No. 95-989, p. 84 (1978); H.R. Rep. No. 95-595 pp. 369-370 (1977), 1978 U.S.C.C.A.N. pp. 5787, 5870, 6325-6326.

Trustee cannot rely on § 542(e) to compel Dreskin and Williams to create an accounting of the Commissions, listing agreements, or closing statements.

To the extent Trustee seeks to recover copies of the listing agreements and closing statements themselves under § 542(e), her claim likewise fails. Unlike § 542(a), the recorded information subject to turnover under § 542(e) need not itself constitute property of the bankruptcy estate. *See In re McKenzie,* 716 F.3d 404, 419 (6th Cir. 2013)("[A]n action for turnover under § 542(e) does not require that the information be property of the estate.")(citations omitted); *In re Crescent Res., LLC,* 457 B.R. 506, 513 (Bankr.W.D.Tex. 2011)("'[D]ocuments which are not property of the estate may still be subject to turnover under

---

[14]*Cf.* Federal Rule of Evidence 803(5) ("recorded recollection" is a "record . . . that is on matter the witness once knew about . . . .").

-9-

Case 13-01030-j    Doc 160    Filed 07/23/15    Entered 07/23/15 10:33:42 Page 9 of 12

Section 542(e) if they relate to the debtor's property or financial affairs, subject to any claim of privilege.'")(quoting *In re Heritage Org., LLC,* 350 B.R. 733, 739 (Bankr.N.D.Tex. 2006)); *American Metrocomm Corp. v. Duane Morris & Heckscher LLP (In re American Metrocomm Corp.),* 274 B.R. 641, 652 (Bankr.D.Del. 2002)("Although an action for turnover under Section 542(a) requires that the information requested be property of the estate, there is no such requirement in Section 542(e)."). However, the recorded information must either 1) relate to property of the estate; or 2) relate to the debtor's financial affairs. 11 U.S.C. § 542(e). Trustee bears the burden of demonstrating the connection of the recorded information to the debtor's financial affairs. *See Heritage,* 350 B.R. at 740 ("[T]he language of Section 542(e) suggests that Trustee must carry an initial burden to establish that the Documents 'relat[e] . . . to the debtor's property or financial affairs.'").

Trustee alleges that Dreskin and Williams improperly transferred VCR's then existing listings by re-listing them with Remax after the filing of VCR's bankruptcy case. Assuming the allegations in the First Amended Complaint are true, once the listings were re-listed with Remax, the operative listing agreements for the properties in question were owned by Remax, the brokers for the transactions worked for Remax, Remax closed the transactions, and the Commissions payable for closed transactions were payable to Remax. The re-listing agreements and closing statements relating to those re-listing agreements thus relate to Remax's financial affairs, not VCR's. Trustee therefore cannot rely on § 542(e) to obtain copies of the listing agreements and closing statements for those listing agreements.

-10-

c. Conclusion

Based on the foregoing, the Court concludes that Dreskin and Williams are entitled to a judgment in their favor on Count 1, as Count 1 fails to state a claim upon which relief can be granted. Trustee has not stated a claim under either § 542(a) or § 542(a).

Although Trustee has failed to state a claim under § 542, she is not precluded from seeking an accounting or from requesting copies of the listing agreements and closing statements under the Rule of Civil Procedure governing pre-trial discovery. Nor is she precluded by this decision from seeking a money judgment based on the remaining Counts in the First Amended Complaint that includes the amount of the Commissions.

*Robert H. Jacobvitz (signature)*

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: July 23, 2015

COPY TO:

James A. Askew
Daniel Andrew White
Askew & Mazel
Attorneys for Plaintiff
320 Gold Street SW, Ste. 300A
Albuquerque, NM 87102

Jesse Hatch
Stanley Hatch
HATCH LAW FIRM
Attorneys for Michael Dreskin and Carol Williams
4801 Lang Avenue NE , Suite 110
Albuquerque, NM 87193-5885

Shay E Meagle
Meagle Law, P.A.
Attorney for Michael Dreskin and Carol Williams
6500 Jefferson St. NE, Ste. 260
Albuquerque, NM 87109-3490

Gerald G Dixon
Dennis W. Hill
Attorneys for Elite Real Estate, LLC d/b/a ReMax Elite
PO Box 26746
Albuquerque, NM 87125-6746